1   DONNA M. MEZIAS (SBN 111902)
    LIZ K. BERTKO (SBN 268128)
2   dmezias@akingump.com
    lbertko@akingump.com
3   AKIN GUMP STRAUSS HAUER & FELD LLP
    580 California Street, Suite 1500
4   San Francisco, CA 94104
    Telephone:    415-765-9500
5   Facsimile:    415-765-9501

6   Attorneys for Defendants

7

8

9                   UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  MICHAEL HENRY, on behalf of himself, all others similarly situated, and the general public, | Case No. |
| 13 | DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d)(2), 1441, 1446, AND 1453 |
| 14                   Plaintiff, | |
| 15        vs. | |
| 16  HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1-50, inclusive, | [Declarations of Liz K. Bertko, John Cleary and G. Edward Anderson, Ph.D., Certification of Interested Entities or Persons, and Civil Cover Sheet filed concurrently] |
| 17 | |
| 18                   Defendants. | (*Alameda County Superior Court, Case No. RG14741264*) |
| 19 | |
| 20 | Date Action Filed:  September 18, 2014 |

21

22

23

24

25

26

27

28

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2  NORTHERN DISTRICT OF CALIFORNIA:

3    PLEASE TAKE NOTICE that defendant Home Depot U.S.A., Inc. hereby

4  removes to this Court the state court action described below, pursuant to 28 U.S.C.

5  §§ 1332(d)(2), 1441, 1446, and 1453.  In support, Home Depot states as follows:

6    1.    On September 18, 2014, the above referenced action was filed and is

7  currently pending against Home Depot in the Superior Court of California, County of

8  Alameda, Case No. RG14741264.  Bertko Decl. ¶ 2.  On October 1, 2014, the complaint

9  was served on Home Depot.  *Id.*  Home Depot filed its answer to the complaint on

10  October 30, 2014.  *Id.* ¶ 3.  As required by 28 U.S.C. § 1446(a), a true and correct copy

11  of all process, pleadings, and orders served upon defendant as part of the above action

12  are attached to the Bertko Declaration, filed concurrently in support of this Notice of

13  Removal, as Exhibits A and B.

14    2.    Plaintiff Michael Henry is a former hourly employee of Home Depot.  He

15  alleges that Home Depot failed to provide meal periods and rest breaks as required by

16  California law, failed to pay minimum and overtime wages, failed to provide accurate

17  wage statements, and failed to pay all wages due at termination.  Complaint ¶¶ 19-79.

18  He also asserts derivative claims for unfair competition and for civil penalties under the

19  Private Attorneys General Act ("PAGA").  *Id.* ¶¶ 80-104.

20    3.    Henry seeks to bring this action on behalf of a class consisting of all hourly

21  employees in California who, between September 18, 2010 and the present, "worked a

22  shift past midnight in which the total aggregate number of hours for that shift exceeded

23  8 hours."  *Id.* ¶¶ 10-11.

24    4.    Timeliness.  Henry filed his complaint in Alameda County Superior Court

25  on September 18, 2014, and Home Depot was served with the complaint on October 1,

26  2014.  *See* Bertko Decl. ¶ 2.  Home Depot's Notice of Removal is therefore timely

27

28

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332(d)(2), 1441, 1446, AND 1453

1  because it is being filed within 30 days after service of the complaint.  *See* 28 U.S.C.

2  § 1446(b).

3       5.     <u>Jurisdiction</u>.  The above-described action is a civil action over which this

4  Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. § 1441.

5  Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil

6  action brought in a State court of which the district courts of the United States have

7  original jurisdiction[.]"  Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C.

8  §§ 1332(d)(2), federal district courts have original jurisdiction over a class action if

9  (1) it involves 100 or more putative class members, (2) any class member is a citizen of

10  a state different from any defendant, and (3) the aggregated controversy exceeds

11  $5,000,000 (exclusive of costs and interest).  *See* 28 U.S.C. § 1332(d)(2), (d)(6), and

12  (d)(11)(B)(i).  These criteria are satisfied here.

13       6.     <u>Class Size.</u>  Henry seeks to bring this action on behalf of all Home Depot

14  hourly employees in California who, since September 18, 2014, "worked a shift past

15  midnight in which the total aggregate number of hours for that shift exceeded 8 hours."

16  Complaint ¶¶ 10-11.  Since September 18, 2014, more than 20,000 of Home Depot's

17  hourly employees in California have worked at least one such shift.  Anderson Decl. ¶ 7.

18  Thus, the putative class includes more than 100 individuals.

19       7.     <u>Diversity of Citizenship</u>.  At all relevant times, there has been diversity of

20  citizenship between the parties to the action.  "[U]nder CAFA, complete diversity is not

21  required; 'minimal diversity' suffices."  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018,

22  1021 (9th Cir. 2007).  Minimal diversity exists if any class member is a citizen of a state

23  different from any defendant.  28 U.S.C. § 1332(d)(2).

24       8.     The putative class includes citizens of California, including Henry himself.

25  During eight years of employment with Home Depot, Henry maintained a California

26  residential address on file with Home Depot and worked at a retail store in Milpitas,

27  California.  *See* Clearly Decl. ¶ 4.  His long-term, continuous employment in California

28

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332(d)(2), 1441, 1446, AND 1453

conclusively establishes his California citizenship.  *See Bey v. SolarWorld Indus. Am., Inc.*, No. 3:11-cv-1555-SI, 2012 WL 6692203, at *2 (D. Or. Dec. 26, 2012) (residential address provided by employee to employer is prima facie evidence of state citizenship); *Abbott v. Utd. Venture Capital, Inc.*, 718 F. Supp. 823, 826-27 (D. Nev. 1988) (plaintiff was a California citizen primarily because of continuous California residence over multiple years).

9.      Further, Henry seeks to represent a class consisting of thousands of current and former California employees.  Complaint ¶ 11; Anderson Decl. ¶ 7.  This putative class logically includes other California citizens as well.

10.    Home Depot is not a citizen of California.  "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State where it has its principal place of business[.]"  28 U.S.C. § 1332(c)(1).  Home Depot is not incorporated in California.  Rather, as Henry concedes, Home Depot is a corporation organized and incorporated under the laws of Delaware.  *See Ottaviano v. Home Depot U.S.A., Inc.*, 701 F. Supp. 2d 1005, 1007 (N.D. Ill. 2010) (Home Depot "is a Delaware corporation with its principal executive offices located in Atlanta, Georgia"); *Novak v. Home Depot U.S.A., Inc.*, 259 F.R.D. 106, 108 (D.N.J. 2009) (same); complaint ¶ 6.  Nor is California the state in which Home Depot has its principal place of business, which is "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  Rather, Home Depot's principal place of business is Atlanta, Georgia.  *Ottaviano*, 701 F. Supp. 2d at 1007; *Novak*, 259 F.R.D. at 108.

11.     Accordingly, this action involves citizens of different states:  Henry is a citizen of California (and seeks to represent other California citizens) and Home Depot is a citizen of Delaware and Georgia.  Thus, the CAFA minimal diversity requirement is satisfied.  *See* 28 U.S.C. § 1332(d)(2).

1      12.    <u>Amount in Controversy</u>.  Home Depot avers, for purposes of this Notice

2  only, that Henry's claims place more than $5 million in controversy.  In determining

3  whether this amount is satisfied, the Court considers all requested relief, "including

4  compensatory damages, special damages, punitive damages, statutory penalties, and

5  attorney's fees."  *Lake v. Delta Air Lines, Inc.*, No. SACV 10-1775 DOC(Ex), 2011 WL

6  3102486, at *4 (C.D. Cal. July 22, 2011).  The Ninth Circuit has instructed that removal

7  is proper if, based on the allegations of the complaint and the Notice of Removal, it is

8  more likely than not that the amount in controversy exceeds $5 million.  *Rodriguez v.*

9  *AT&T Mobility Servs., Inc.*, 728 F.3d 975, 981 (9th Cir. 2013) (overturning previous

10  Ninth Circuit precedent requiring proof of amount in controversy to a "legal certainty"

11  under some circumstances).  This standard is easily satisfied here.

12      13.    For his Fifth Cause of Action, Henry claims that Home Depot owes

13  "waiting time" penalties for failing to pay all wages to employees at the end of their

14  employment, as required by Labor Code sections 201 and 202.  *See* Complaint ¶¶ 69-79.

15  Under section 203, former employees whom an employer willfully denied wages may

16  recover penalties in the amount of their daily pay for a period of up to 30 days.  *See* Cal.

17  Lab. Code § 203.  Henry alleges that "at all relevant times" Home Depot maintained a

18  policy or practice of paying employees final wages without regard to the requirements

19  of sections 201 and 202 of the Labor Code.  Complaint ¶ 76.  This group includes all

20  employees who separated from employment within the last three years (*id.* ¶ 11) and

21  Henry seeks penalties of "up to . . . 30 days" of wages for each one of these persons.  *Id.*

22  ¶ 78.  Therefore, under Henry's theory, all putative class members whose employment

23  ended since September 18, 2011 may be entitled to recover waiting time penalties equal

24  to 30 days of wages.  *See*, *e.g.*, *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199,

25  1205-06 (E.D. Cal. 2008) (plaintiff placed maximum penalty in controversy by alleging

26  putative class members are entitled to penalty "up to" statutory maximum); *Schuyler v.*

27  *Morton's of Chicago, Inc.*, No. CV 10-06762 ODW (JCGx), 2011 WL 280993, at *5

28

4

1   (C.D. Cal. Jan. 25, 2011) (appropriate to assume 100 percent violation rate for full 30

2   days of waiting time penalties where complaint alleges multiple wage violations that

3   were never paid); *Marentes v. Key Energy Servs. Cal., Inc.*, No. 1:13-cv-02067-LJO-

4   JLT, 2014 WL 814652, at *9 (E.D. Cal. Feb. 28, 2014) (amount in controversy included

5   30-day penalty for each former employee where plaintiff alleged consistent failure to

6   pay wages).

7          14.    The putative class includes more than 9,000 individuals who separated

8   from employment with Home Depot between September 18, 2011 and the filing of the

9   complaint.  Anderson Decl. ¶ 9.  These individuals earned an average daily wage of

10  $77.42.  *Id.*  Thus, a 30-day penalty would be at least $2,322 per person (30 × $77.42 =

11  $2,322.60), so this claim alone places more than $20 million in controversy (9,000 ×

12  $2,322 = $20,898,000).  *See Korn*, 536 F. Supp. 2d at 1205-06.  Thus, the waiting time

13  penalties claim satisfies the amount in controversy requirement all by itself.  *See*, *e.g.*,

14  *Deehan v. Amerigas Partners, L.P.*, No. 08cv1009 BTM (JMA), 2008 WL 4104475, at

15  *1 (S.D. Cal. Sept. 2, 2008) (amount in controversy satisfied under preponderance of

16  evidence standard where estimated class size multiplied by statutory penalty for alleged

17  violations exceeded $5 million).

18         15.    Henry also seeks substantial additional relief through his other six causes

19  of action.  In his First and Second Causes of Action, Henry seeks damages under Labor

20  Code § 226.7 and section 11 of the Wage Order, alleging that "at all relevant times,"

21  Home Depot "maintained a policy or practice" of not providing meal periods or rest

22  breaks as required by law.  *See* Complaint ¶ 38; *see also id.* ¶ 29.  On behalf of the

23  putative class, Henry seeks damages equal to an hour of pay for each shift in which a

24  proper meal period was not provided (*id.* ¶¶ 22, 30) and an hour of pay for each shift in

25  which a proper rest break was not provided (*id.* ¶¶ 35, 44).  The putative class includes

26  more than 20,000 individuals and these putative class members were paid an average of

27  $12.36 per hour during the putative class period.  Anderson Decl. ¶¶ 7-8.  Thus, even if

28

1   the putative class members missed only one meal period and one rest break each, these

2   claims would place approximately $500,000 in controversy ($20,000 \times \$12.36 \times 2 =$

3   $494,400). In fact, these claims likely place a higher amount in controversy, given

4   Henry's allegations that Home Depot denied meal periods and rest breaks based on

5   standard "policies and practices" that it maintained "at all relevant times." *See*

6   Complaint ¶¶ 29, 38; *see also Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648-

7   49 (9th Cir. 2012) (estimating one meal period and one rest break violation per week

8   based on plaintiff's allegation that defendant "regularly and consistently" failed to

9   provide proper breaks); *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500 YGR, 2012

10  WL 699465, at *5 (N.D. Cal. Mar. 1, 2012) (accepting defendant's "reasonable and

11  conservative estimate" of one missed meal period and one missed rest break per week).

12      16.    In his Third Cause of Action, Henry alleges that Home Depot failed to pay

13  overtime for work performed "off the clock," because Home Depot "applied centrally

14  devised policies and practices" that "directed, permitted, or otherwise encouraged

15  Plaintiff and [putative class] members to work more than 8 continuous hours [without

16  being] paid overtime." *See id.* ¶¶ 58-59. He seeks damages equal to 1.5 times the

17  regular rate of pay for each hour of uncompensated overtime worked by putative class

18  members. *See id.* ¶¶ 56, 61. Therefore, even if each class member worked only one

19  hour of unpaid overtime, this claim places nearly $400,000 in controversy ($20,000 \times$

20  $\$12.36 \times 1.5 = \$378,900$). However, this figure may underestimate Henry's alleged

21  overtime damages, given his allegations that Home Depot consistently failed to pay

22  overtime due to "centrally devised policies and practices." *See id.* ¶¶ 58-59.

23      17.    Henry's remaining causes of action also seek substantial relief. For his

24  Fourth Cause of Action, Henry seeks penalties of $50 to $100 per pay period for each

25  putative class member based upon Home Depot's alleged failure to provide accurate

26  written wage statements. *See* Complaint ¶¶ 65-68. And for Henry's Seventh Cause of

27  Action, Henry seeks PAGA penalties of at least $100 per pay period for the violations

28

1    alleged on behalf of the putative class.  *See* Complaint ¶ 103.  Given the number of

2    putative class members at issue, these penalties together could exceed $1 million per

3    pay period.

4         18.    Henry also seeks attorney's fees for each of his seven causes of action

5    (Complaint ¶¶ 31, 44, 62, 68, 79, 97, 104), and these fees are part of the amount in

6    controversy as well.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.

7    1998).  The Ninth Circuit has established 25 percent of total potential damages as a

8    benchmark award for attorney's fees.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011,

9    1029 (9th Cir. 1998); *see also Deaver v. BBVA Compass Consulting & Benefits, Inc.*,

10   No. 13-cv-00222-JSC, 2014 WL 2199645, at *6 (N.D. Cal. May 27, 2014) (accounting

11   for attorney's fees by adding 25 percent of potential damages and penalties to amount in

12   controversy); *Ford v. CEC Entm't, Inc.*, No. CV 14-01420 RS, 2014 WL 3377990, at *6

13   (N.D. Cal. July 10, 2014) (same).  Thus, these fees alone place more than $5 million in

14   controversy given the potential damages and penalties at issue.

15        19.    In sum, the allegations in Henry's complaint seek damages, penalties, and

16   other relief in excess of $5 million.  Thus, the amount in controversy requirement is

17   satisfied.

18        20.    <u>Venue</u>.  The United States District Court for the Northern District of

19   California is the judicial district "embracing the place" where this action was filed by

20   plaintiff and is the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

21        21.    There are no grounds that would justify this Court in declining to exercise

22   its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) or requiring it to decline to exercise

23   jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

24

25

26

27

28

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332(d)(2), 1441, 1446, AND 1453

1    WHEREFORE, Home Depot requests that the above action now pending in the

2  Superior Court of California, County of Alameda, be removed to this Court.  In the

3  event the Court has any reason to question whether removal is proper, Home Depot

4  requests the opportunity to provide briefing on the issue.

5

6                                              Respectfully submitted,

7  Dated:  October 31, 2014              AKIN GUMP STRAUSS HAUER & FELD LLP

8

9                                        By _____

10                                                 Donna M. Mezias
                                               Attorneys for Defendant
11                                            Home Depot U.S.A., Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              8