# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

HOME DEPOT U.S.A., INC., a Delaware Corporation; and DOES 1-50
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

MICHAEL HENRY, on behalf of himself, all others similarly situated,
and the general public.

| FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |
| --- |
| **FILED BY FAX**<br>ALAMEDA COUNTY<br><br>September 18, 2014<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Denise Dalton, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>1225 Fallon St. Oakland, CA 94612<br><br>Rene C. Davidson Courthouse | CASE NUMBER<br>*(Número del Caso):*<br>**RG14741264** |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*            (310)888-7771
Shaun Setareh
Setareh Law Group
9454 Wilshire Blvd., Suite 907, Beverly Hills, CA 90212

| DATE:<br>*(Fecha):* September 17, 2014 | Clerk, by<br>*(Secretario)* Denise A Dalton | , Deputy<br>*(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  **Home Depot U.S.A., Inc., a Delaware corporation**

   under: ☒ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

**EXHIBIT A TO L. BERTKO DECL. - PAGE 3**

**FILED BY FAX**
ALAMEDA COUNTY

September 18, 2014

CLERK OF
THE SUPERIOR COURT
By Denise Dalton, Deputy

CASE NUMBER:
**RG14741264**

1  Shaun Setareh (SBN 204514)
        shaun@setarehlaw.com
2  Tuvia Korobkin (SBN 268066)
        tuvia@setarehlaw.com
3  Neil Larsen (SBN 276490)
        neil@setarehlaw.com
4  SETAREH LAW GROUP
5  9454 Wilshire Boulevard, Suite 907
   Beverly Hills, California 90212
6  Telephone:    (310) 888-7771
7  Facsimile:    (310) 888-0109

8  Attorneys for Plaintiff,
9  MICHAEL HENRY

10          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11              **FOR THE COUNTY OF ALAMEDA**
12                   (*UNLIMITED JURISDICTION*)

13  MICHAEL HENRY, on behalf of himself, all
    others similarly situated, and the general public,
14
                                                    Case No.
15              *Plaintiff,*
                                                    **CLASS ACTION**
16      vs.
                                                    **COMPLAINT FOR:**
17  HOME DEPOT U.S.A., INC., a Delaware
18  corporation; and DOES 1-50, inclusive,          1.  Failure to Provide Meal Periods (Lab.
                                                        Code §§ 204, 223, 226.7, 512, and
19              *Defendants.*                            1198);
                                                    2.  Failure to Provide Rest Periods (Lab.
20                                                      Code §§ 204, 223, 226.7, and 1198);
                                                    3.  Failure to Pay Hourly Wages (Lab.
21                                                      Code §§ 223, 510, 1194, 1194.2, 1197,
                                                        1997.1, and 1198);
22                                                  4.  Failure to Provide Accurate Written
                                                        Wage Statements (Lab. Code § 226(a));
23                                                  5.  Failure to Timely Pay All Final Wages
                                                        (Lab. Code §§ 201-203);
24                                                  6.  Unfair Competition (Bus. & Prof. Code
                                                        §§ 17200, *et seq.*);
25                                                  7.  Civil Penalties (Lab. Code §§ 2698, *et*
26                                                  **JURY TRIAL DEMANDED**
27
28

Henry v. Home Depot                                                      Class Action Complaint

Plaintiff, Michael Henry (hereafter "Plaintiff"), on behalf of himself, all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class action against defendant Home Depot USA, Inc., a Delaware corporation and the other defendants (hereafter "Defendants") for alleged violations of the Labor and Business and Professions Codes. As set forth below, Plaintiff alleges that Defendants have failed to provide them with meal periods, failed to provide them with rest periods, failed to pay premium wages for unprovided meal and/or rest periods, failed to pay failed to pay overtime wages, failed to provide them with accurate written wage statements, and failed to timely pay them all of their final wages following separation of employment. Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution, and related relief on behalf of himself, all others similarly situated, and the general public.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction to hear this case because Plaintiff is informed and believes that the monetary damages and restitution sought herein for Defendants' conduct exceeds the minimal jurisdictional limits of the Superior Court.

3. Plaintiff is informed and believes that the individual claims of the below-defined classes are under the $75,000.00 threshold for Federal diversity jurisdiction and the aggregate claim is under the $5,000,000.00 threshold for Federal jurisdiction, under the Class Action Fairness Act of 2005. Further, there is no federal question at issue as the issues herein are based solely on California law.

4. Venue is proper in Alameda County pursuant to Code of Civil Procedure Sections 395(a) and 395.5 in that liability arose in Alameda County because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business, and/or has an agent therein.

//

//

1

*Henry v. Home Depot*                                                    Class Action Complaint

**EXHIBIT A TO L. BERTKO DECL. - PAGE 5**

## PARTIES

### A. Plaintiff

5.   Plaintiff worked for Defendants in an hourly position as a department supervisor from approximately 2004 to 2013.

### B. Defendants

6.   Defendant Home Depot USA, Inc. is a Delaware corporation authorized to do business in California.

7.   Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as Does 1-50, inclusive, but is informed and believes that said Defendants are legally responsible for the conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege both the true names and capacities of the Doe Defendants when ascertained.

8.   Plaintiff is informed and believes that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to each of the other Defendants.

## CLASS ALLEGATIONS

9.   This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

10.   **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

11.   The class and subclass members are defined as follows:

> **Hourly Employee Class:** All persons employed by Defendants in hourly or non-exempt positions in California during the **Relevant Time Period** who worked a shift past midnight in which the total aggregate number of hours for that shift exceeded 8 hours

//

2

**EXHIBIT A TO L. BERTKO DECL. - PAGE 6**

**Meal Break Sub-Class:** All **Hourly Employee Class** members who were not provided with a second meal break during the **Relevant Time Period.**

**Third Rest Break Sub-Class:** All **Hourly Employee Class** members who were not provided with their third rest break.

**Wage Statement Penalties Class:** All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Class:** All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class:** All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period.**

12.     **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

13.     **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

14.     **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

      A.     Have Defendants maintained a policy or practice of failing to provide employees with their meal breaks?

      B.     Have Defendants maintained a policy or practice of failing to provide employees with their rest breaks?

      C.     Have Defendants failed to pay additional wages to class members when they have not been provided with required meal and/or rest periods?

      D.     Have Defendants failed to pay minimum and/or overtime wages to class

3

**EXHIBIT A TO L. BERTKO DECL. - PAGE 7**

members as a result of policies that fail to provide meal breaks in accordance with California law?

E.  Have Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and time worked?

F.  Have Defendants applied policies or practices that result in late and/or incomplete final wage payments?

G.  Are Defendants liable to class members for waiting time penalties under Labor Code § 203?

H.  Are class members entitled to restitution of money or property that Defendants may have acquired from them through unfair competition?

15.  **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and the Business and Professions Code as alleged herein.

16.  **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

17.  **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

18.  **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the

4

1    unnecessary duplication of effort and expense that numerous individual actions would entail.  In

2    addition, the monetary amounts due to many individual class members are likely to be relatively

3    small and would thus make it difficult, if not impossible, for individual class members to both

4    seek and obtain relief.  Moreover, a class action will serve an important public interest by

5    permitting class members to effectively pursue the recovery of monies owed to them. Further, a

6    class action will prevent the potential for inconsistent or contradictory judgments inherent in

7    individual litigation.

8                                **FIRST CAUSE OF ACTION**

9                          **FAILURE TO PROVIDE MEAL PERIODS**

10                    **(Lab. Code §§ 204, 223, 226.7, 512, and 1198)**

11                       **(Plaintiff and the Meal Break Sub-Class)**

12       19.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully

13   alleged herein.

14       20.     At all relevant times, Plaintiff and the **Meal Break Class** members have been

15   non-exempt employees of Defendants entitled to the full meal period protections of both the

16   Labor Code and the Wage Order.

17       21.     Labor Code § 512 and Section 11 of the applicable Wage Order impose an

18   affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-

19   free, meal periods of at least thirty minutes for each work period of five hours, and to provide

20   them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work

21   period of ten hours.

22       22.     Labor Code § 226.7 and Section 11 the Wage Order both prohibit employers

23   from requiring employees to work during required meal periods and require employers to pay

24   non-exempt employees an hour of premium wages on each workday that the employee is not

25   provided with the required meal period.

26       23.     Compensation for missed meal periods constitutes wages within the meaning of

27   the California Labor Code § 200.

28       24.     Labor Code § 1198 makes it unlawful to employ a person under conditions that

5

**EXHIBIT A TO L. BERTKO DECL. - PAGE 9**

violate the Wage Order.

25.     Section 11 of the Wage Order states: "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time." 8 Cal. Code Regs. § 11040(11).

26.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Break Class** members have not subject to valid on-duty meal period agreements with Defendants.

### *Unprovided Second Meal Periods*

27.     Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants employed **Meal Break Class** and **Second Meal Break Class** members for shifts of ten (10) or more hours without providing them with second meal periods and without paying them premium wages, as required by Labor Code § 512 and the Wage Order.

28.     Moreover, Defendants written policies do not provide that employees must take their first meal break before the end of the fifth hour of work, that they are entitled to a second meal break if they work a shift of ten (10) hours or more, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

29.     At all relevant times, Defendants failed to pay Plaintiff, **Meal Break Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

30.     Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of himself and **Meal Break Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

31.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the

6

**EXHIBIT A TO L. BERTKO DECL. - PAGE 10**

substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself, **Meal Break Sub-Class** seeks to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7, and 1198)

### (Plaintiff and Rest Break Sub-Class)

32.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

33.    At all relevant times, Plaintiff and **Rest Break Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the Wage Order.

34.    Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

35.    Labor Code § 226.7 and Section 12 the Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees regular rate of pay, on each workday that the employee is not provided with the required rest period.

36.    Compensation for missed rest periods constitutes wages within the meaning of the California Labor Code § 200.

37.    Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

38.    Plaintiff alleges that at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Break Class** members with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order.

39.    At all relevant times, Defendants failed to pay Plaintiff and other class members

7

additional premium wages when required rest periods were not provided.

43.     Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of himself, and **Rest Break Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

44.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest Break Class** members, seeks to recover reasonable attorneys' fees.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197, and 1198)

### (By Plaintiff and Hourly Employee Class)

45.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

46.     At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the Wage Orders.

47.     Section 2 of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

48.     Section 4 of the Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

49.     Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

50.     Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

8

51.     Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

52.     Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

53.     Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

54.     Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

55.     Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

56.     Labor Code § 510 and Section 3 of the Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

57.     Labor Code § 510 and Section 3 of the Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

58.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and **Hourly Employee Class** members with respect to working conditions and compensation arrangements.

### *Off the Clock*

59.     During the relevant time period, Defendants failed to pay Plaintiff and **Hourly**

9

**EXHIBIT A TO L. BERTKO DECL. - PAGE 13**

**Employee Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted, or otherwise encouraged Plaintiff and **Hourly Employee Class** members to work more than 8 continuous hours and were not paid overtime.

60.     As a result of Defendants' unlawful conduct, Plaintiff and the other class members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

61.     Pursuant to Labor Code §§ 204, 218.6, 223, 510, 1194, and 1194.2 Plaintiff, on behalf of himself and **Hourly Employee Class** members, seeks to recover unpaid straight time and overtime wages, interest thereon, and costs of suit.

62.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Hourly Employee Class** members, seeks to recover reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (By Plaintiff and Wage Statement Penalties Class)

63. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

64. Labor Code § 226(a) states in pertinent part the following: " (a) every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the  employer, except for an employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable

10

**EXHIBIT A TO L. BERTKO DECL. - PAGE 14**

piece rate if the employee is aid on a apiece rate basis, (4) all deduction, provided that all deductions made on written orders of the employee may be aggregated and shown as one time, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer".

65. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements as described supra in this complaint.

66. Plaintiff is informed and believes that Defendants' failures to provide him and **Wage Statement Penalties Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known to not comply with Labor Code 226(a).

67. Plaintiff and **Wage Statement Penalties Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to state and federal government agencies.

68. Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code § 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

*Henry v. Home Depot*                                                          Class Action Complaint

**EXHIBIT A TO L. BERTKO DECL. - PAGE 15**

### FIFTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and Waiting Time Penalties Class)

69. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

70. At all relevant times, Plaintiff and **Waiting Time Penalties Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

71. At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

72. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages at the time of resignation.

73. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

74. During the applicable limitations period, Defendants failed to pay Plaintiff all of his final wages in accordance with Labor Code § 201 by failing to timely pay him all of his final wages.

75. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to timely pay **Waiting Time Penalties Class** members all of their final wages in accordance with Labor Code §§ 201 or 202.

76. Plaintiff is informed and believes that, at all relevant times, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Class** members their final wages without regard to the requirements of Labor Code §§ 201 and 202 by failing to timely pay them all final wages.

77. Plaintiff is informed and believes that Defendants' failures to timely pay

12

*Henry v. Home Depot*                                        Class Action Complaint

all final wages to him and **Waiting Time Penalties Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

78. Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of 30 days, and interest thereon.

79. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Class** members, seeks awards of reasonable costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff and UCL Class)

80. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

81. Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

82. Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

83. California law requires employers to pay hourly, non-exempt, employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

84. Plaintiff and the UCL Class realleges and incorporates by reference the FIRST, SECOND, and THIRD causes of action herein.

13

**EXHIBIT A TO L. BERTKO DECL. - PAGE 17**

85. Plaintiff lost money or property as a result of the aforementioned unfair competition.

86. Defendants have, or may have, acquired money by means of unfair competition.

87. Plaintiff is informed and believes and theron alleges that, by committing the Labor Code violations described in this complaint, Defendants violated Labor Code §§ 215, 216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the Labor Code violations mentioned herein.

88. Defendants have committed criminal conduct through their policies and practices by failing to pay non-exempt employee for all hours worked.

### *Wages and Premium Wages*

89. At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the Labor Code and the Wage Order.

90. As stated above, Defendants have violated the Labor Code in multiple respects with regard to Plaintiff and **UCL Class** members, including but not limited to failing to pay them wages, failing to pay them premium wages, and failing to provide them with accurate wage statements, and failing to pay them all wages due upon separation fo employment.

91. Defendants have, or may have, acquired money or property from **UCL Class** members by means of unfair competition in that Plaintiff is informed and believes and thereon alleges that Defendants have failed to pay Plaintiff and **UCL Class** members wages and premium wages in for missed meal and/or rest periods.

### *Relief Sought*

92. The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business & Professions Code §§ 17200, *et seq.* Business & Professions Code §§ 17200, *et seq.*, protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on

14

*Henry v. Home Depot*                                    Class Action Complaint

behalf of other similarly situated persons in a class action proceeding.

93.  As a result of Defendants' violations of the Labor Code as during the applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of the aforementioned conduct.

94. Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

95.  Due to its unfair and unlawful business practices in violation of the Labor Code as alleged herein, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations under the Labor Code.

96. Pursuant to Business & Professions Code § 17203, Plaintiff, on behalf of himself and the other members of the **Hourly Employee Class** and **UCL Class**, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

97. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and the other members of the **Hourly Employee Class** and **UCL Class** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## SEVENTH CAUSE OF ACTION
### CIVIL PENALTIES
### (Lab. Code §§ 2698, *et seq.*)

98. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

99. During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198, and 2802.

100.     Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, of behalf of himself and other current and former employees, to bring a representative civil action

15

**EXHIBIT A TO L. BERTKO DECL. - PAGE 19**

to recover civil penalties pursuant to the procedures specified in Labor Code § 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure § 382.

101.     Plaintiff, as a former employee against whom Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code § 2699(c).

102.     Plaintiff has complied with the procedures for bringing suit specified in Labor Code § 2699.3.

103.     Pursuant to Labor Code §§ 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198, and 2802:

    A.     For violations of Labor Code §§ 201, 202, 203, 212, 226.7, 227.3, 1194, 1198, and 2802, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code § 2699(f)(2));

    B.     For violations of Labor Code § 203, a penalty in an amount not exceeding 30 days pay as waiting time (penalties set by Labor Code § 256).

    C.     For violations of Labor Code § 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 210);

    D.     For violations of Labor Code § 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each

16

Class Action Complaint

employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 225.5);

E.   For violations of Labor Code § 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code § 226.3);

F.   For violations of Labor Code §§ 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code § 558); and

G.   For violations of Labor Code § 1197, $100 for each aggrieved employee for each initial violation of Labor Code § 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of § 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code § 1197.1).

104.   Pursuant to Labor Code § 2699(g), Plaintiff seeks awards of reasonable costs and attorneys' fees in connection with his claims for civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

A.   An order that the action be certified as a class action;

B.   An order that Plaintiff be appointed class representative;

C.   An order that counsel for Plaintiff be appointed class counsel;

D.   Unpaid Wages;

17

E.   Actual Damages;

F.   Liquidated Damages;

G.   Restitution;

H.   Pre-judgment interest;

I.   Statutory penalties;

J.   Costs of suit;

K.   Reasonable attorneys' fees; and

L.   Such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, all others similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

DATED:  September 17, 2014                    SETAREH LAW GROUP


BY

                                                                  SHAUN SETAREH
                                                                  Attorneys for Plaintiff,
                                                                  MICHAEL HENRY

Henry v. Home Depot                                          Class Action Complaint

**EXHIBIT A TO L. BERTKO DECL. - PAGE 22**

To: Rene C. Davidson   Page 3 of 4                2014-09-19 17:33:56 (GMT)                From: Shaun Setareh

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh, SBN: 204514<br>Setareh Law Group<br>9454 Wilshire Blvd., Suite 907, Beverly Hills, CA 90212<br>  TELEPHONE NO.: (310)888-7771      FAX NO.: (310)888-0109<br>ATTORNEY FOR (name):  Michael Henry | **FILED BY FAX**<br>ALAMEDA COUNTY<br><br>September 18, 2014<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Denise Dalton, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
  STREET ADDRESS: 1225 Fallon Street
  MAILING ADDRESS: 1225 Fallon Street
  CITY AND ZIP CODE: Oakland, CA 94612
  BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Michael Henry v. Home Depot USA, Inc., et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [X] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **RG14741264**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2)*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Six (6)
5. This case [X] is [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 17, 2014

Shaun Setareh
_____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**EXHIBIT A TO L. BERTKO DECL. - PAGE 23**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates **the** primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

**EXHIBIT A TO L. BERTKO DECL. - PAGE 24**