DONNA M. MEZIAS (SBN 111902)
LIZ K. BERTKO (SBN 268128)
AKIN GUMP STRAUSS HAUER & FELD LLP
580 California Street, Suite 1500
San Francisco, CA 94104
Telephone:   415-765-9500
Facsimile:   415-765-9501
dmezias@akingump.com
lbertko@akingump.com

Attorneys for defendant
HOME DEPOT, U.S.A., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL HENRY, on behalf of himself, all others similarly situated, and the general public,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | Case No. C 14-04858 JST<br><br>[Assigned for All Purposes to Hon. Jon S. Tigar]<br><br>NOTICE OF PENDENCY OF OTHER ACTION |

Pursuant to Local Rule 3-13, defendant Home Depot U.S.A., Inc. hereby notifies the Court that an action pending in the Eastern District of California, *Sandy Bell and Martin Gama, individually, and on behalf of other members of the general public similarly situated, v. Home Depot U.S.A., Inc.*, No. 2:12-cv-02499-GEB-CKD (*"Bell"*), includes a claim that Home Depot violated California law by failing to pay employees all overtime wages due for hours worked in separate workdays ("overnight overtime theory"), a claim that is also asserted in the present action. The overnight overtime theory was first raised by plaintiffs in *Bell* in their recently filed motion for class certification. *See* Dkt. 73, pp. 2, 6-9.

Home Depot has moved for summary judgment on the overnight overtime theory as to the individual plaintiffs in both actions. The summary judgment motion in this action was filed on September 10, 2015, and is scheduled for hearing on December 10, 2015. The motion for summary judgment in *Bell* was filed on November 19, 2015, and is scheduled for hearing on January 25, 2016.

The two actions involve different putative classes and different time periods for the overnight overtime claim, and both actions allege other claims. In *Bell,* the proposed "overnight subclass" is defined as all hourly supervisors in California retail stores who worked an overnight shift of over eight hours at any time since August 14, 2009. Dkt. 63-1, p. 2, 6-9. In the present action, the putative class is defined as all hourly Home Depot store employees in California who worked a shift greater than eight hours that crossed midnight at any time since September 18, 2010. *See Henry* Complaint, ¶¶ 10-11 (Dkt. 1-2). Thus, the proposed overnight subclass in *Bell* is limited to hourly supervisors in California stores, while the proposed overnight class in *Henry* includes all hourly store employees (who worked at least one overnight shift more than eight hours). The class period in *Bell* begins 13 months prior to the class period in *Henry*.

Plaintiffs in both actions also assert claims for failure to provide meal and rest breaks; failure to pay minimum and overtime wages; and derivative claims for failure to

provide accurate wage statements, failure to pay all wages due at termination, unfair competition, and civil penalties under the Private Attorneys General Act ("PAGA"). However, there are several key differences between these claims as asserted in the two actions.

First, the meal and rest period claims in *Henry* specifically allege that Home Depot failed to provide second meal periods and third rest breaks to employees who worked overnight shifts. In *Bell,* plaintiffs assert generally that Home Depot failed to provide timely meal periods and rest breaks to putative class members or required them to work through their meal periods and rest breaks due to insufficient staffing.

In addition, plaintiffs in *Bell* allege several claims that are not alleged in *Henry* – that Home Depot: (1) failed to include certain bonuses in the regular rate of pay used for calculating overtime wages; (2) unlawfully paid meal period and rest break premiums at the hourly rate rather than the "regular rate of pay" used for overtime purposes; (3) unlawfully required putative members of the class to remain on store premises during rest breaks; (4) failed to authorize or permit rest breaks for shifts of 3.5 to 3.9, 6.0 to 7.9, and 10.0 to 11.9 hours; and (5) required supervisors to perform security-related tasks off the clock and without compensation.

Given the significant differences between the two actions, Home Depot does not believe that consolidation or reassignment of the actions to the same judge would effect a significant savings of judicial resources.

Respectfully submitted,

Dated: December 2, 2015

AKIN GUMP STRAUSS HAUER & FELD LLP
DONNA M. MEZIAS

By: /s/ Donna M. Mezias
       Donna M. Mezias
Attorneys for defendant Home Depot U.S.A., Inc.

CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: 580 California Street, Suite 1500, San Francisco, California 94104. On December 2, 2015, I served the foregoing document(s) described as: NOTICE OF PENDENCY OF OTHER ACTION, on the interested party(ies) below, using the following means:

**All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number**

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 2, 2015, at San Francisco, California.

Jeremias V. Cordero
[Print Name of Person Executing Proof]            [Signature]

CERTIFICATE OF SERVICE

110440458 v1