UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HENRY,<br><br>  Plaintiff,<br><br>  v.<br><br>HOME DEPOT U.S.A., INC,<br><br>  Defendant. | Case No. 14-cv-04858-JST<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Re: ECF No. 40 |

This is a putative class action against Defendant Home Depot U.S.A., Inc. for alleged violations of California's Labor and Business and Professions Codes. See ECF No. 1-2, Bertki Decl., Ex. A (Complaint). Now before the Court is Plaintiff Michael Henry's Motion for Class Certification. ECF No. 40. The Court concludes that Plaintiff has satisfied the requirements of Rule 23, and will grant the motion.

**I.   BACKGROUND**

   **A.  Factual History**

This is a case about the designation of the workday.[1] Home Depot designates its workday to begin at 12:00 a.m. and end at 11:59 p.m. ECF No. 29-5, Barnaby Decl., Ex. A. This definition has been in place since at least September 2010 and applies to all non-exempt employees in

---

[1] Under California law, a "workday" is defined as "any consecutive 24-hour period commencing at the same time each calendar day." Cal. Lab. Code § 500(a). When an employee works more than eight hours in one "workday," more than 40 hours in one "workweek," or for eight or fewer hours on the seventh day of the workweek, the employee is entitled to receive overtime compensation at one and one-half the employee's regular rate of pay. Id. § 510(a). Employers are afforded flexibility in their designation of a workday, but the designation must not be designed to evade paying overtime. See Jakosalem v. Air Serv Corp., No. 13-CV-05944-SI, 2014 WL 7146672 at *4 (N.D. Cal. Dec. 15, 2014); Cummings v. Starbucks Corp., No. CV 12-06345-MWF FFMX, 2013 WL 2096435, at *4 (C.D. Cal. May 14, 2013); Seymore v. Metson Marine, Inc., 194 Cal. App. 4th 361, 370 (2011).

1  California. ECF No. 29-4, Barnaby Decl. ¶ 5.

2  Plaintiff Michael Henry worked as an hourly store employee of Home Depot between March 2004 and September 2013. ECF No. 1-2, Bertki Decl., Ex. A, Compl. ¶ 5. Henry alleges that Home Depot failed to pay him and other putative class members overtime even though he sometimes worked more than eight continuous hours in a shift. Id. ¶¶ 11, 59. This alleged failure to pay overtime occurred on shifts that crossed over midnight, thus spanning two calendar days. Id.

### B. Procedural History

Henry originally filed his Complaint on September 18, 2014 in the Superior Court of California, County of Alameda. See ECF No. 1-2, Bertki Decl., Ex. A, Compl. He alleges causes of action under California state law for: (1) failure to provide meal periods, (2) failure to provide rest periods, (3) failure to pay hourly and overtime wages, (4) failure to provide accurate written wage statements, (5) failure to pay all wages due at termination, (6) unfair competition, and (7) civil penalties under the Private Attorneys General Act. Id. ¶¶ 19–104.

On October 31, 2014, Home Depot removed the action to federal court pursuant to the Class Action Fairness Act. ECF No. 1.

On September 10, 2015, Home Depot filed a motion for partial summary judgment on the single issue of whether its definition of workday violated the California Labor Code. ECF No. 29. On December 10, 2015, the same day the Court heard arguments regarding the motion for partial summary judgment, Henry filed a motion for class certification. ECF No. 40. By agreement of the parties, the Court deferred ruling on that motion until after it could resolve Home Depot's partial summary judgment motion. ECF No. 43.

On January 4, 2016, the Court issued an order denying Home Depot's partial summary judgment motion. The Court determined that there remained a triable issue of material fact regarding whether Home Depot's workday definition was designed to evade overtime laws. ECF No. 44 at 8.[2]

---

[2] Citations are to the pages assigned by the Court's electronic case filing system and not to the internal pagination of the document.

On January 5, 2016, Henry re-noticed the instant motion for class certification. ECF No. 45. Henry seeks to certify the following class:

> All persons employed by Defendant[ ] in hourly or non-exempt positions in California from September 18, 2010 through the date of class certification, who worked a shift past midnight in which the total aggregate number of hours for that shift exceeded eight hours.

Id. at 6.[3] On February 3, 2016, Home Depot filed the opposition to the motion. ECF No. 46. On February 16, 2016, Henry filed the reply in support of the motion.[4] ECF No. 48. The Court heard oral argument on February 25, 2016.

## II.   JURISDICTION

Home Depot asserts, and Henry does not dispute, that Henry is of diverse citizenship from Home Depot, there are more than 100 class members nationwide, and the aggregate amount in controversy exceeds $5,000,000. Therefore, the Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

## III.   LEGAL STANDARD

Class certification under Rule 23 is a two-step process. First, a plaintiff must demonstrate that the numerosity, commonality, typicality, and adequacy requirements of 23(a) are met.

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "Class certification is proper only if the trial court has concluded, after a

---

[3] Henry argues that his claims for unfair business practices and penalties are derivative of his overtime claim. ECF No. 45 at 21 n.3. Both parties agree that the derivative claims can only proceed on a class-wide basis if Henry's overtime claim is certified. See id.; ECF No. 46 at 8 n.1.

[4] Along with the reply brief, Henry also filed his objections to the declaration of Arlyne Napoli and all of the new evidence and arguments introduced in Home Depot's opposition. See ECF No. 49. Henry's reply brief is 14 pages, see ECF No. 48, and his memorandum of objections is 12 pages, see ECF No. 49. Civil Local Rule 7-3(c) requires "[a]ny evidentiary and procedural objections to the opposition must be contained within the reply brief or memorandum" and that the reply brief not exceed 15 pages of text. The Court declines to consider the arguments raised in the separate memorandum of objections at ECF No. 49 but will consider Henry's objections as raised in the reply brief.

'rigorous analysis,' that Rule 23(a) has been satisfied." Wang v. Chinese Daily News, Inc., 709 F.3d 829, 833 (9th Cir. 2013) (quoting Wal-Mart Stores, Inc. v. Dukes, 546 U.S. 338, 351 (2011)).

Second, a plaintiff must also establish that one of the bases for certification in Rule 23(b) is met. Here, Henry invokes Rule 23(b)(3), which requires the court to find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Additionally, "[w]hile it is not an enumerated requirement of Rule 23, courts have recognized that "in order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable." Vietnam Veterans of Am. v. C.I.A., 288 F.R.D. 192, 211 (N.D. Cal. 2012) (quoting DeBremaecker v. Short, 433 F.2d 733, 734 (5th Cir. 1970)).

The party seeking class certification bears the burden of demonstrating by a preponderance of the evidence that all four requirements of Rule 23(a) and at least one of the three requirements under Rule 23(b) are met. See Dukes, 564 U.S. at 350–51.

## IV. DISCUSSION

Home Depot opposes the motion for class certification on a variety of grounds. First, it argues that Henry's claim is based on a legally defective theory. Second, it argues that Henry cannot satisfy the commonality, predominance, typicality, or superiority requirements of Rule 23. The Court considers these arguments in turn.[5]

---

[5] Henry argues that Home Depot has already conceded that class certification is proper based on Home Depot's conduct in discovery. ECF No. 45 at 13. Henry contends that Home Depot's "boilerplate responses regarding why a class should not be certified" precludes Home Depot from offering facts or evidence in opposition to its class certification motion that were not set forth in its discovery responses. Id. at 14. Home Depot responds that its responses fully placed Henry on notice of its defenses to class certification. ECF No. 46 at 19. Home Depot argues that the cases cited by Henry to support his argument are inapposite because the cases involved patent infringement and "more rigorous patent disclosure standards." Id.

The Court will not decline to entertain Home Depot's arguments in opposition to class certification. When asked in an interrogatory to "state all reasons why this case should not be certified as a class action," ECF No. 40-5, Setareh Decl., Ex. 4, Home Depot sufficiently placed Henry on notice of its defenses to certification. Home Depot asserted that it was necessary to conduct individualized inquiries to determine whether overtime violations occurred and that Henry might not be an appropriate class representative. See ECF No. 40-3, Setareh Decl., Ex. 2 at 8.

4

### A. Whether Henry Asserts a Legally Defective Theory

Home Depot argues that the proposed class is not certifiable because Henry relies on a legally defective theory.

In Henry's opposition to Home Depot's motion for partial summary judgment, he argued that Home Depot was required to adopt a shift-based workday definition that began each workday at the beginning of a worker's shift. In support of this argument, he relied heavily on the statutory interpretation of California Labor Code section 510 in In re Wal-Mart Stores, Inc. Wage & Hour Litig., 505 F. Supp. 2d 609 (N.D. Cal. 2007) (interpreting section 510(a) to include a shift-based overtime requirement). Agreeing with the court in Jakosalem v. Air Serv Corp., No. 13-CV-05944-SI, 2014 WL 7146672 (N.D. Cal. Dec. 15, 2014), however, this Court rejected Henry's argument that employers are required in all instances to define each employee's workday to begin with that employee's shift. ECF No. 44 at 5–6.

Although the Court rejected Henry's statutory interpretation of Labor Code section 510, the Court also concluded that Home Depot failed to establish as a matter of law that its workday designation was not designed to evade paying overtime. Id. at 8. Home Depot previously conceded that it may not establish a definition of workday where the designation's primary purpose is to reduce the overtime pay of its employees. See ECF No. 29 at 10. That Home Depot could be liable for paying overtime if it designated a workday primarily to evade overtime compensation is a legally viable theory supported by existing law. See, e.g., Jakosalem, 2014 WL 7146672, at *4; Seymore v. Metson Marine, Inc., 194 Cal. App. 4th 361, 370 (2011).

### B. Whether Rule 23's Requirements Are Met

The parties next dispute whether Henry meets the requirements of Rule 23.

#### 1. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[C]ourts generally find that the numerosity factor is satisfied if the class comprises 40 or more members." In re Facebook, Inc., PPC Advertising Litig., 282 F.R.D. 446, 452 (N.D. Cal. 2012).

Henry argues that the proposed class is sufficiently numerous because Home Depot has

1  admitted that there are more than 20,000 employees in the proposed class of employees who have
2  worked shifts longer than eight hours that crossed over midnight. See ECF No. 45 at 14. To
3  support its Notice of Removal, Home Depot submitted evidence that over "20,000 Home Depot's
4  hourly employees in California have worked at least one such shift" between September 18, 2010
5  and September 14, 2014. ECF No. 1 ¶ 6; ECF No. 1-5, Anderson Decl. ¶ 7. Home Depot does
6  not dispute Henry's contentions regarding numerosity.

The Court concludes that Henry has satisfied the numerosity requirement.

### 2. Commonality and Predominance

A Rule 23 class is certifiable only if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "[F]or purposes of Rule 23(a)(2) [e]ven a single [common] question will do." Dukes, 564 U.S. at 359 (internal quotation marks omitted). However, the common contention "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id. at 350. "'What matters to class certification . . . is not the raising of common 'questions'—even in droves—but rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation.'" Id. (quoting Richard A. Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L. REV. 97, 131–32 (2009)). The party seeking certification "need only show that there is a common contention capable of classwide resolution—not that there is a common contention that will be answered, on the merits, in favor of the class." Alcantar v. Hobart Serv., 800 F.3d 1047, 1053 (9th Cir. 2015) (internal quotation omitted).

A plaintiff seeking certification pursuant to Rule 23(b)(3) must show not only commonality, but also predominance. See Hanlon v. Chrysler Corp., 150 F.3d 1101, 1022 (9th Cir. 1998). Thus, in seeking to certifying a Rule 23(b)(3) class, the plaintiff must show that the common questions in the case "predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than an individual basis." Hanlon,

1   150 F.3d at 1022 (citing Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice &
2   Procedure § 1778 (2d ed.1986)).  "[T]he predominance requirement of Rule 23(b)(3) is generally
3   satisfied if a party can show that an employer used a standard policy that was uniformly
4   implemented."  Amey v. Cinemark USA Inc, No. 13-CV-05669-WHO, 2015 WL 2251504, at *6
5   (N.D. Cal. May 13, 2015).

6    Henry argues that this case concerns a "standard policy that was uniformly implemented,"
7   because Home Depot's workday definition is uniform for all class members.  See ECF No. 45 at
8   16.  Home Depot's designated workday begins at 12:00 a.m. and ends at 11:59 p.m., and pursuant
9   to its overtime policies, "hourly employees in California are provided with overtime pay for
10  anytime worked in excess of eight hours in a workday."  Id.  Henry argues that the predominance
11  requirement is met because Home Depot's liability turns on the lawfulness of the uniform policy.
12  ECF No. 45 at 19.

13  Home Depot agrees "the critical liability inquiry is whether Home Depot's workday was
14  designed to 'evade overtime compensation.'"  ECF No. 46 at 20 (quoting Seymore, 194 Cal. App.
15  4th at 370–71).  Notwithstanding, Home Depot contends that this claim requires individualized
16  analysis for each potential class member to determine whether Home Depot's workday
17  designation was designed to evade overtime as to each employee.  Id. at 23.

18  Home Depot first argues that individual fact questions would predominate at trial, although
19  Henry challenges a common policy.  ECF No. 46 at 13.  Home Depot cites to In re Wells Fargo
20  Home Mortgage Overtime Pay Litig., 571 F.3d 953 (9th Cir. 2009), and Gales v. Winco Foods,
21  No. 09-05813 CRB, 2011 WL 3794887 (N.D. Cal. Aug. 26, 2011), to support its argument that
22  individualized issues can make class treatment improper even when an employment policy is
23  applied uniformly.

24  In Wells Fargo, the Ninth Circuit examined an employer's internal policy that treated
25  employees as exempt from overtime laws.  371 F.3d at 953.  Whether individual employees
26  qualified for the exemptions raised a number of issues related to variations in job experiences and
27  duties.  Id. at 956.  Ultimately, the Ninth Circuit held that although Wells Fargo had a uniform
28  exemption policy, "the blanket exemption policy does nothing to facilitate common proof on the

otherwise individualized issues." Id. at 959.

In Winco Foods, the district court looked at whether Winco misclassified its assistant store managers under the executive exemption. 2011 WL 3794887, at *1. The court found that individual questions predominated because there was significant evidence of variation in the assistant manager jobs. The court further found that although there was a uniform classification policy, plaintiffs' evidence did not "answer the central question in this case: whether [assistant managers] spen[t] the majority of their time performing exempt duties." Id. at *6.

This case is unlike Wells Fargo and Winco Foods. Exemption classifications, "which may sometimes be fact-intensive," are not at issue here. See Abdullah v. U.S. Sec. Associates, Inc., 731 F.3d 952, 965 (9th Cir. 2013). The instant case does not require such individualized inquiries into the circumstances and schedules of non-exempt employees. Putative class members can establish Home Depot's liability for overtime if Home Depot did not have a "legitimate business purpose" in how it designated the workday for its non-exempt workers as a group.[6] Either the trier of fact finder will find that Home Depot set its uniform workday definition to evade paying overtime, or it will not so find. Seymore, 194 Cal. App. 4th at 371. If putative class members prove Home Depot's liability, damages will then be "calculated based on the wages each employee lost due to [Home Depot]'s unlawful practices." Leyva v. Medline Indus. Inc., 716 F.3d 510, 514 (9th Cir. 2013).

Home Depot next argues that Henry offers no common evidence that would permit class-wide resolution of the workday designation. ECF No. 46 at 15. Home Depot contends that resolution requires inquiries into "work hours and schedules of potential class members, focusing primarily on the frequency of overnight shifts, the reasons they worked overnight shifts, and the reasons such shifts exceeded eight hours." Id. This argument mischaracterizes the litigation. The

---

[6] For example, the Jakosalem court discussed whether the trier of fact could make "any statistically significant conclusions" about the effect of the employer's day divide on overtime pay. See Jakosalem, 2014 WL 7146672, at *5. As Henry points out, Home Depot cites to statistical evidence to support their contention that the workday policy was not designed to evade overtime. See, e.g., ECF No. 46 at 7 (stating that 13,000 employees worked only one or two overnight shifts of more than eight hours and another 10,000 employees worked between three and ten such shifts).

relevant inquiry at trial will not be how Home Depot applied its workday policy to each individual class member, but whether it had an adequate justification for the policy in the first place. Whether Home Depot is liable for overtime pay will turn on whether Home Depot had a legitimate business purpose for its workday designation and not why any particular class member worked a shift that crossed the midnight divide.[7]

Home Depot also contends that the absence of records regarding the reasons why individual class members worked specific overnight shifts highlights the lack of common evidence regarding Plaintiff's claims. ECF No. 46 at 17. Again, this misapprehends the nature of the litigation. Home Depot has demonstrated that it has kept the records of its employees in a time-keeping database and knows which employees worked shifts longer than eight hours that crossed the midnight divide. Home Depot's notice of removal and motion for partial summary judgment included evidence of the number of non-exempt employees that worked at least one shift longer than eight hours that crossed midnight and the total number of shifts in excess of eight hours. See ECF No. 1 ¶ 6; ECF No. 33-1, Anderson Supplemental Decl. ¶ 4. That kind of class-wide evidence is what will be needed to resolve this case.

Finally, Home Depot argues that liability issues that require examination of the reasons for employment decisions are unsuitable for class treatment. ECF No. 46 at 18 (citing to Dukes v. Wal-Mart Stores, Inc., 964 F. Supp. 2d 1115, 1126–27 (N.D. Cal. 2013) and other cases). However, this case is unlike Dukes v. Wal-Mart and the other cases cited by Home Depot, where discrimination liability turned on individual managers' decisions. Instead, this case is like Leyva

---

[7] In its opposition to class certification, Home Depot provides reasons explaining why putative class members were scheduled to work overnight and the various reasons some overnight shifts exceeded the scheduled eight hours. See ECF No. 46 at 17. In support of this explanation, Home Depot submitted the declaration of Arlyne Napoli, the District Human Resources Manager in California. ECF No. 46-4. Henry contends that Napoli's declaration should be excluded because she did not appear in Home Depot's initial Rule 26(a) disclosures and was not identified in Home Depot's discovery responses, and the facts offered by Napoli were not offered in support of Home Depot's motion for summary judgment. ECF No. 48 at 8–9. These are good grounds for exclusion of Napoli's declaration. See Fed. R. Civ. P. 37; Hoffman v. Constr. Protective Servs., Inc., 541 F.3d 1175, 1179 (9th Cir. 2008), as amended (Sept. 16, 2008) ("Under Rule 37, exclusion of evidence not disclosed is appropriate unless the failure to disclose was substantially justified or harmless."). For the reasons set forth in the body of this order, however, the reasons given by Napoli are not relevant to the Court's class certification decision. The Court therefore declines to reach Plaintiff's objection to her declaration.

v. Medline Industries, Inc., 716 F.3d 510 (9th Cir. 2013), in that the appropriate inquiry examines whether the uniform policy is lawful. In Leyva, Medline rounded its hourly employees' start times in 29-minute increments. Id. at 512. Plaintiffs alleged that this practice resulted in employees performing unpaid work. Id. The Ninth Circuit concluded that the common questions predominated over individual questions because the inquiry turned on whether Medline was liable for this rounding practice. Id. at 514. Damages would then "be calculated based on the wages each employee lost due to Medline's unlawful practices." Id. Despite Home Depot's contentions otherwise, determining whether Home Depot is liable for its uniform workday designation can be assessed "in one stroke." Dukes, 564 U.S. at 350.

Henry has identified common questions of law and fact concerning overtime wages and whether Home Depot's uniform workday designation violates California law. These questions can be answered on a class-wide basis. The Court concludes that Henry has satisfied the commonality and predominance requirements.

### 3. Typicality

In certifying a class, courts must find that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed R. Civ. P. 23(a)(3). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." Parsons v. Ryan, 754 F.3d 657, 685 (9th Cir. 2014) (quoting Hanlon, 150 F.3d at 1020). "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the Named Plaintiffs, and whether other class members have been injured by the same course of conduct.'" Id. (quoting Hanon, 976 F.2d at 508).

Henry asserts that he has suffered the same injury as the class: "not being paid overtime where he worked an overnight shift of more than eight hours, based on Home Depot's policy of not paying overtime for hours worked after midnight." ECF No. 40 at 17. Home Depot disagrees, arguing that the typicality requirement is not established in this case. First, Home Depot argues

10

that Henry cannot represent the class because he did not suffer an injury. ECF No. 46 at 22. In only one percent of Henry's shifts did Henry work an overnight shift greater than eight hours and Henry has not suggested that "as to him, the workday was designed to evade overtime." Id. Second, Home Depot contends that Henry fails to show that the frequency and reasons for his overnight shifts is typical of the class. Id. at 23.

These asserted differences are irrelevant. Henry's alleged harm stems from Home Depot's allegedly improper policy of designating the workday from 12:00 a.m. to 11:59 p.m. Henry has clearly alleged injury as the rest of the proposed class, since he has worked several overnight shifts greater than eight hours. ECF No. 45 at 9. Henry's claims are identical to the putative class members. The Court concludes that Henry has demonstrated typicality.

### 4. Adequacy

"The adequacy of representation requirement . . . requires that two questions be addressed: (a) do the Named Plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the Named Plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 462 (9th Cir. 2000). The requirement "'tend[s] to merge' with the commonality and typicality criteria of Rule 23(a)." Amchem Prods. v. Windsor, 521 U.S. 591, 626 n.20 (1997) (quoting Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 158 n.13 (1982)). Among other functions, the requirement serves as a way to determine whether "the Named Plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Falcon, 457 U.S. at 158 n.13.

The Court finds that Henry has satisfied both prongs of Rule 23(a)(4)'s adequacy requirement. First, there is no apparent conflict of interest between Henry and other class members. Second, Henry has retained counsel with experience in wage-and-hour class action litigation. ECF No. 45 at 18. Nothing in the record suggests, and Home Depot does not argue, that Henry and his counsel fail to meet Rule 23(a)(4). Henry has satisfied the adequacy requirement.

Additionally, the Court finds Setareh Law Group is adequate under Rule 23(g)(1) and (4)

1    and will appoint Setareh Law Group as class counsel.

### 5. Superiority

A class action must be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. Pro. 23(b)(3). "The superiority inquiry under Rule 23(b)(3) requires determination of whether the objectives of the particular class action procedure will be achieved in the particular case." Hanlon, 150 F.3d at 1023. "[C]ertification pursuant to Rule 23(b)(3) . . . is appropriate 'whenever the actual interests of the parties can be served best by settling their differences in a single action.'" Id. at 1022 (quoting 7A Wright & Miller, Federal Practice & Procedure § 1777 (2d ed. 1986)). The four factors for the Court's examination are: (1) the interest of each class member in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against the class; (3) the desirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action. Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1190–92 (9th Cir.) opinion amended on denial of reh'g, 273 F.3d 1266 (9th Cir. 2001).

Here, class members do not have any significant interest in pursuing individual litigation. As Henry points out, the amount of overtime pay a putative class member would be entitled to receive "would quickly be dwarfed by the cost of litigation." ECF No. 45 at 23 n.4. While there is another wage and hour suit against Home Depot, see Bell v. Home Depot, Inc., 2:12-cv-02499-GEB-CKD, the actions involve different putative classes and different time periods for the overnight overtime claim. In Bell, the proposed class is defined as all hourly supervisors in California retail stores. ECF No. 37. The present action is defined as all hourly non-exempt employees. Additionally, plaintiffs in Bell allege several other claims that are not alleged in the present action. Based on these differences in the pending action, the Court concludes that class certification remains superior in this action.

Home Depot asserts that a class trial would be unmanageable because the trial would require examination of "thousands of circumstances unique to individual workers and particular shifts." ECF No. 46 at 23. The Court, however, foresees no likely difficulties in managing this

case as a class action because the overtime claim requires looking at the purpose of Home Depot's uniform workday designation.

The Court concludes Henry established that class adjudication would be superior.

### 6. Ascertainability

Ascertainability "is an inherent requirement of at least Rule 23(b)(3) class actions." Lilly v. Jamba Juice Co., 308 F.R.D. 231, 236 (N.D. Cal. 2014) (citing William B. Rubenstein, Newberg on Class Actions §§ 3:1–3:3 (5th ed.)). "[A] class definition is sufficient if the description of the class is 'definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member.'" Vietnam Veterans of Am., 288 F.R.D. at 211 (quoting O'Connor v. Boeing N. Am., Inc., 184 F.R.D. 311, 319 (C.D. Cal. 1998)).

Henry persuasively argues that the proposed class is ascertainable. First, the proposed class is defined by objective criteria: individuals (1) employed by Home Depot in hourly or non-exempt positions from September 18, 2010 through the date of certification, and (2) worked a shift past midnight that exceeded eight hours. Henry also points out that Home Depot has already identified the members of the class he seeks to certify. See ECF No. 1 ¶ 6 (identifying more than 20,000 class members).

The Court finds that the proposed class is ascertainable.

## CONCLUSION

The Court grants Henry's motion for class certification. The Court certifies the class consisting of all persons employed by Home Depot in hourly or non-exempt positions in California from September 18, 2010 through the date of class certification, who worked a shift past midnight in which the total aggregate number of hours for that shift exceeded eight hours. The Court also appoints Setareh Law Group as class counsel pursuant to Rule 23(g).

/ / /
/ / /
/ / /
/ / /
/ / /

1    In the joint case management statement due on May 25, 2016, the parties are ordered to propose a schedule for the remainder of the case through trial.   The Court will conduct a Case Management Conference on June 8, 2016 at 2:00 p.m.

IT IS SO ORDERED.

Dated:  May 3, 2016

_____
JON S. TIGAR
United States District Judge

14